HEARD NOVEMBER TERM, 1874.

SAMPSON & WYATT *vs.* SINGER MANUFACTURING COMPANY.

From the mere fact that an agent, employed to sell goods, and having in his possession a horse and wagon of his principal, as also the goods offered for sale, puts up at a hotel, the law will not presume a contract by the principal to pay the hotel keeper for the board and lodging of the agent and keeping of the horse.

Where a non-suit is improperly refused, if the nature of the demand is such that a recovery cannot be had, the Supreme Court will dismiss the complaint, but if it is merely a case of insufficiency of evidence, then, it seems, a new trial only should be granted.

BEFORE TOWNSEND, J., AT MARLBOROUGH, JANUARY TERM, 1874.

Action by Sampson & Wyatt against The Singer Manufacturing Company, to recover $137, for the board and lodging of one Joseph B. Hartsfield and the keeping of a horse, between the 1st January and the 1st July, 1873.

The plaintiffs gave evidence tending to show that they were hotel keepers in Marlborough County, in this State, and that the defendant is a corporation chartered by another State; that, at the time mentioned above, Joseph B. Hartsfield was in the employment of defendant, as its agent, for the sale of sewing machines; that he had in his possession a number of sewing machines, and also a horse and wagon of the defendant; that during the period mentioned he frequently put up at plaintiffs' hotel, having the horse and wagon with him; that at one time he stayed two months and a half;

that he made no contract with the plaintiffs for board; that his board and lodging, and the keeping of the horse, were worth $147, and that he had paid only $10, leaving a balance due and unpaid of $137; that he offered the machines for sale at plaintiffs' hotel, and sold some of them there; that plaintiffs did not look to Hartsfield for payment, but to the defendant.

At the close of plaintiffs' case the defendant moved for a non-suit, on the ground, *inter alia*, that no express contract with the defendant had been shown, and that none would be implied or inferred from the facts proved.

His Honor denied the motion, and the defendant excepted.

The defendant then introduced evidence tending to show that Hartsfield had no authority from defendant to bind it for his board and lodging and the keeping of the horse.

The case was submitted to the jury, who found for the plaintiffs.

The defendant appealed, and now renewed its motion for a non-suit.

*Hudson,* for appellant.

*Covington,* contra.

Jan. 16, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The only grounds of recovery presented by the plaintiffs' proofs are the facts that they are hotel keepers, and, as such, entertained at their hotel a person who was, at the time, an agent of the defendants for the sale of goods, and, as such, entrusted with goods and other property of the defendants. It was in proof, on the part of the plaintiffs, that no express contract was made, but plaintiffs contend that a contract, binding the defendants as principals, resulted as an inference from the facts. The defendant moved for a non-suit, which was denied. They now renew this motion.

If the non-suit was improperly refused, and the nature of the plaintiffs' demand was such that no recovery could be lawfully had, this Court will grant the motion, and dismiss the plaintiffs' complaint. If, however, it was merely a case of insufficiency of proofs adduced at the trial to support a cause of action in itself of a proper legal nature, this Court will not dismiss the complaint upon appeal, but order a new trial, to afford the plaintiffs an opportunity to make better proofs.

A contract, binding the principal, cannot be presumed, from the mere fact that an agent has obtained lodging at a hotel, while prosecuting the business of his principal, and while having in charge property belonging to such principal. The authority that the law presumes from the fact of an agency is measured by the direct objects contemplated by such agency, on the principle that one having power to perform an act, and imposing its performance on another as a duty, or conferring it as a right, must be deemed, where requisite, to have communicated power so to act commensurate with the duty or rights imposed or conferred.

Supplies afforded for the personal use of an agent are not among the objects presumed to be included in the agency, but if related to it at all, are merely collateral to it. It follows that authority to procure such supplies, on the credit of the principal, is not to be presumed, nor will the law presume a contract in such a case, from the mere fact of furnishing such supplies.

Two things are necessary to enable an agent to bind his principal: first, he must have authority for that purpose; second, he must duly exercise it. Receiving entertainment at a hotel, by an agent, is not, standing by itself, an exercise of such power, even if he had it.

The fact that plaintiffs' demand includes, as a separate item, the keeping of a horse, belonging to defendant, in the custody of the agent, does not change this conclusion.

This act must be referred to the principal contract, which, as we have seen, must be presumed to have been personal with the agent.

It will not be necessary to advert to the defendant's proofs, showing that the agent had no authority to bind his principals for such a purpose, as that fact was presumable, as matter of law, from the plaintiffs' proofs.

The complaint should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.